F. W. Graham v. Commissioner.
Graham v. Commissioner
Docket No. 108313.
United States Tax Court
1943 Tax Ct. Memo LEXIS 379; 1 T.C.M. (CCH) 834; T.C.M. (RIA) 43149; March 30, 1943
*379 Burns Poe, Esq., 1210 Puget Sount Nat'l Bank Bldg., Tacoma, Wash., for the petitioner. Arthur L. Murray, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The Commissioner determined a deficiency of $901.92 for the year 1939. The deficiency is contested in part, petitioner assailing only the inclusion of $13,621.99 in income. Respondent added that amount to income as "profit on cancellation of indebtedness." Petitioner resides in Shelton, Washington. He filed his return for 1939 with the collector for the district of Washington. He keeps his books and makes his returns on the accrual basis. The facts stipulated by the parties are adopted as our findings of fact. On December 27, 1939, petitioner was indebted to Frank J. Walsh on a note in the total amount of $25,525.14, the principal of the note, $15,823.82, plus accrued interest in the amount of $9,701.32. [1] The interest had been accrued on the books of petitioner and regularly deducted in his returns filed during the period 1929 to 1939, inclusive. On December 27, 1939, Walsh accepted cash and property having a total value of $11,903.15 in full satisfaction of the above indebtedness, thereby cancelling $13,621.99 *380 of the debt. The note was given, originally, to a contracting company to cover the unpaid balance due to the company for the construction of a building. (Later, Walsh acquired the note from the contracting company). Petitioner contends that the compromise and settlement of the debt did not result in his acquisition of gain, but that, rather, it resulted in a rearrangement of the cost price of the building, in part payment of costs of which the note was given. Petitioner relies on Hirsch v. Commissioner, 115 Fed. (2d) 656; Helvering v. A. L. Killian Co., 128 Fed. (2d) 433. The facts show that the partial forgiveness of the debt was gratuitous. There is nothing in the record to indicate that the creditor received any consideration for the partial forgiveness of the debt. On the contrary it was without consideration and for the benefit of the debtor, petitioner. It is held that the gratuitous forgiveness of indebtedness constituted *381 a gift within the meaning of Section 22 (b) (3) of the Internal Revenue Code, and, accordingly, the amount of the debt which was cancelled was not taxable income. This question is controlled by Helvering v. American Dental Co., 318 U.S. 322. Respondent does not raise any separate question relative to the cancellation by the creditor in 1939 of interest which petitioner accrued in earlier years and deducted in his returns for earlier years. However, the holding in the American Dental Co. case disposes of such question in petitioner's favor. The issue is determined in petitioner's favor, but because one of respondent's adjustments is conceded there must be a recomputation of the deficiency under Rule 50. Decision will be entered under Rule 50. Footnotes
1. There is an error in the amount of one of the items stipulated. It appears to be in the amount of the accumulated interest which was said to be $9,702.32, and which probably is $9,701.32.↩